UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                                    Chapter 11

      WATSON SERVICES, INC.,

                                                    Case No. 15-35048 (cgm)

                    Debtor.
------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING: (i) CONTINUED USE OF THE
DEBTOR' CASH MANAGEMENT SYSTEM AND PROCEDURES; (ii)
MAINTENANCE AND CONTINUED USE OF EXISTING BANK
ACCOUNTS; (iii) WAIVER OF CERTAIN OPERATING GUIDELINES
RELATING TO BANK ACCOUNTS; AND (iv) INTERIM WAIVER OF
THE REQUIREMENTS OF SECTION 345(b) OF BANKRUPTCY CODE**

Upon the motion, filed on January 13, 2015 (the "Motion") of Watson Services, Inc.(the "Debtor") as debtor in possession, requesting entry of an interim order, pursuant to §§ 105(a) and 345 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing: (a) the continued use of the Debtor's cash management system and procedures (the "Cash Management System"); (b) maintenance and continued use of its existing bank accounts; (c) a waiver of certain operating guidelines relating to bank accounts; and (d) a waiver of the requirements of § 345(b) of the Bankruptcy Code; and upon the Declaration of Frederick A. Watson Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First Day Motions (the "First Day Declaration"); and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor, and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that the relief requested is essential to the continued operation of the Debtor's business and the preservation of the value of its assets; and the Court having found and concluded that it

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding, notice of the Motion was sufficient under the circumstances, and the legal and factual bases set forth in the Motion and at any hearing establish just cause for the relief granted herein, and this Court having determined and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtor is authorized and empowered to continue to manage its cash pursuant to the Cash Management System the Debtor maintained prior to the Petition Date, and to collect and disburse cash in accordance with the Cash Management System.

3. The requirements of the U.S. Trustee Guidelines that the Debtor close all existing Bank Accounts and open new Debtor in possession accounts are hereby waived. Further, the requirements of the U.S. Trustee Guidelines that the Debtor establish specific bank accounts for tax payments are hereby waived.

4. The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

5. The Debtor is authorized to continue to deposit funds in the Bank Accounts in accordance with their prepetition practices, without the need for a bond or other collateral as required by § 345(b) of the Bankruptcy Code, for forty-five (45) days from the date of this Interim Order. This Interim Order is without prejudice to the Debtor's right to seek a further interim waiver or final waiver, which may be mutually agreed upon in writing by the U.S. Trustee and the Debtor without further order of this Court.

6. The Banks where the Debtor maintains the Bank Accounts are authorized and directed to: (a) continue to service and administer the Bank Accounts as accounts of the Debtor as Debtor in possession without interruption and in the usual and ordinary course; (b) continue to deduct, without further order of this Court, from the appropriate Bank Accounts the Banks' customary fees and expenses associated with the nature of the deposit or cash management or custodial services rendered to the Debtor; and (c) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers issued or initiated by the Debtor or the Debtor's payroll processor Paychex, Inc., and drawn on the Bank Accounts, by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtor before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

7. Except for those checks that may be honored and paid in compliance with any order of this Court authorizing payment of certain prepetition claims (the "Authorized Checks"), and the Banks having received a list of such Authorized Checks from the Debtor, in writing, within two (2) business days of the entry of the order authorizing such Authorized Checks, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8. Notwithstanding any other provision of this Interim Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order: (a) at the direction of the Debtor; (b) in a good faith belief that the Court has authorized such prepetition check or item; or (c) as the result of a good faith error made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtor or its estate or otherwise in violation of this Interim Order.

9. Any Bank that is also a creditor of the Debtor is hereby barred from offsetting any outstanding prepetition obligations against the funds held in the Bank Accounts without the authorization of the Court.

10. The Debtor shall record the consolidated balances of each of its Bank Accounts so that all postpetition transfers and transactions respecting such Bank Accounts shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtor prior to the commencement of this case.

11. As soon as practicable, the Debtor shall begin stamping or printing its check stock with "Debtor in Possession" and the case number under which this case is being administered.

12. Nothing contained herein shall prevent the Debtor from opening any additional bank accounts, or closing any existing Bank Accounts, as the Debtor may deem necessary and appropriate; provided, however, that the opening or closing of any Bank Account shall be without prejudice to the liens, if any, granted under the Debtor's prepetition credit agreements, cash collateral orders or orders approving the Debtor' entry into and performance under a debtor in possession financing agreement, whether such liens were granted prior to or after the Petition Date and any new bank accounts opened by the Debtor shall be at an Authorized Depository. The Banks are authorized to honor the Debtor' request to open or close, as applicable, such Bank accounts or other bank accounts. The Debtor shall notify the U.S. Trustee, the Indenture Trustee and any lender under a debtor in possession financing agreement of the opening of any new Bank Accounts or closing of any existing Bank Accounts by providing information regarding any such new or closed account in the Debtor' monthly operating reports.

13. As promptly as possible, but in no event later than five (5) business days after entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on all Banks whose Bank Accounts are listed on Exhibit A to the Motion.

14. Notwithstanding anything to the contrary contained in this order, any payment made pursuant to or payment authorization contained in this order shall be subject to any requirements imposed on the Debtor under any then operative order of this Court regarding the Debtor's use of cash collateral or approving the Debtor's entry into and performance under a debtor in possession financing agreement.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied with respect to the relief granted by this Interim Order.

16. Notwithstanding any Bankruptcy Rule to the contrary, this Interim Order shall be immediately effective and enforceable upon their entry.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

18. The deadline by which objections to the Motion and the Final Order must be filed is _____, 2013 at __:___ _.m. (prevailing Eastern Time). A final hearing, if required, on the Motion will be held on _____, 2013 at __:___ _.m. (prevailing Eastern Time). If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

       WATSON SERVICES, INC.,

                      Debtor.
----------------------------------------------------------x

Chapter 11

Case No. 15-35048 (cgm)

**FINAL ORDER AUTHORIZING: (i) CONTINUED USE OF THE DEBTOR' CASH MANAGEMENT SYSTEM AND PROCEDURES; (ii) MAINTENANCE AND CONTINUED USE OF EXISTING BANK ACCOUNTS; (iii) WAIVER OF CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS; AND (iv) INTERIM WAIVER OF THE REQUIREMENTS OF SECTION 345(b) OF BANKRUPTCY CODE**

Upon the motion, dated January 13, 2015 (the "Motion") of Watson Services, Inc. (the "Debtor") as Debtor in possession, requesting entry of an final order, pursuant to §§ 105(a) and 345 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing: (a) the continued use of the Debtor's cash management system and procedures (the "Cash Management System"); (b) maintenance and continued use of its existing bank accounts; (c) a waiver of certain operating guidelines relating to bank accounts; and (d) a waiver of the requirements of §345(b) of the Bankruptcy Code; and upon the Declaration of Frederick A. Watson Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First Day Motions (the "First Day Declaration"); and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor, and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that the relief requested is essential to the continued operation of the Debtor' business and the preservation of the value of its assets; and the Court having found and concluded that it

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding, notice of the Motion was sufficient under the circumstances, and the legal and factual bases set forth in the Motion and at any hearing establish just cause for the relief granted herein, and this Court having determined and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtor is authorized and empowered to continue to manage its cash pursuant to the Cash Management System the Debtor maintained prior to the Petition Date, and to collect and disburse cash in accordance with the Cash Management System.

3. The requirements of the U.S. Trustee Guidelines that the Debtor close all existing Bank Accounts and open new Debtor in possession accounts are hereby waived. Further, the requirements of the U.S. Trustee Guidelines that the Debtor establish specific bank accounts for tax payments are hereby waived.

4. The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

5. The requirements of § 345(b) of the Bankruptcy Code are deemed waived and the Debtor is authorized to continue to deposit funds in the Bank Accounts in accordance with its prepetition practices, without the need for a bond or other collateral. This Final Order is without prejudice to the Debtor's right to seek a further waiver of the requirements set forth in § 345(b) of the Bankruptcy Code respecting any new or other bank accounts, which may be mutually agreed upon in writing by the U.S. Trustee and the Debtor without further order of this Court.

6. The Banks where the Debtor maintains the Bank Accounts are authorized and directed to: (a) continue to service and administer the Bank Accounts as accounts of the Debtor as Debtor in possession without interruption and in the usual and ordinary course; (b) continue to deduct, without further order of this Court, from the appropriate Bank Accounts the Banks' customary fees and expenses associated with the nature of the deposit or cash management or custodial services rendered to the Debtor; and (c) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers issued or initiated by the Debtor or its payroll processor Paychex, Inc., and drawn on the Bank Accounts, by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtor before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

7. Except for those checks that may be honored and paid in compliance with any order of this Court authorizing payment of certain prepetition claims (the "Authorized Checks"), and the Banks having received a list of such Authorized Checks from the Debtor, in writing, within two (2) business days of the entry of the order authorizing such Authorized Checks, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8. Notwithstanding any other provision of this Final Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order: (a) at the direction of the Debtor; (b) in a good faith belief that the Court has authorized such prepetition check or item; or (c) as the result of a good faith error made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtor or its estate or otherwise in violation of this Final Order.

9. Any Bank that is also a creditor of the Debtor is hereby barred from offsetting any outstanding prepetition obligations against the funds held in the Bank Accounts without the authorization of the Court.

10. The Debtor shall record the consolidated balances of each of its Bank Accounts so that all postpetition transfers and transactions respecting such Bank Accounts shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent maintained by the Debtor prior to the commencement of this case.

11. As soon as practicable, the Debtor shall begin stamping or printing its check stock with "Debtor in Possession" and the case number under which this case is being administered.

12. Nothing contained herein shall prevent the Debtor from opening any additional bank accounts, or closing any existing Bank Accounts, as the Debtor may deem necessary and appropriate; provided, however, that the opening or closing of any Bank Account shall be without prejudice to the liens, if any, granted under the Debtor's prepetition credit agreements, cash collateral orders or orders approving the Debtor's entry into and performance under a debtor in possession financing agreement, whether such liens were granted prior to or after the Petition Date and any new bank accounts opened by the Debtor shall be at an Authorized Depository. The Banks are authorized to honor the Debtor's request to open or close, as applicable, such Bank Accounts or other bank accounts. The Debtor shall notify the U.S. Trustee, the Indenture Trustee and any lender under a debtor in possession financing agreement of the opening of any new Bank Accounts or closing of any existing Bank Accounts by providing information regarding any such new or closed account in the Debtor's monthly operating reports.

13. As promptly as possible, but in no event later than five (5) business days after entry of this Final Order, the Debtor shall serve a copy of this Final Order on all Banks whose Bank Accounts are listed on Exhibit A to the Motion.

14. Notwithstanding anything to the contrary contained in this order, any payment made pursuant to or payment authorization contained in this order shall be subject to any requirements imposed on the Debtor under any then operative order of this Court regarding the Debtor's use of cash collateral or approving the Debtor's entry into and performance under a Debtor in possession financing agreement.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied with respect to the relief granted by this Final Order.

16. Notwithstanding any Bankruptcy Rule to the contrary, this Final Order shall be immediately effective and enforceable upon their entry.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.